UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:17-cr-448-MSS-CPT

SAMIR ZAMORA
_____/

**O R D E R**

Before the Court are *Defendant Samir Zamora's Motion[s] for Discovery for Plea Hearing Documents and Other Documents Relevant to [His] Plea* (Docs. 117, 120), his *Motion for Obtaining and Possession of Plea Hearing Transcripts* (Doc. 122), and his *Motion to Proceed In Forma Pauperis in Request for Plea Hearing Transcripts* (IFP motion) (Doc. 121).[1] After careful review and with the benefit of the government's response to Zamora's first motion for discovery (Doc. 119), Zamora's requests are denied.

I.

In December 2017, Zamora pleaded guilty to conspiracy to possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Docs. 41, 47). The Court accepted

---

[1] Zamora filed his first motion for discovery (Doc. 117) on November 14, 2022, and his later motions for discovery (Docs. 120, 122), along with his IFP motion (Doc. 121), on December 23, 2022. Zamora's discovery motions are materially the same. *Id.*

Zamora's guilty plea soon thereafter and sentenced him in February 2018 principally to an imprisonment term of two hundred and forty months.  (Docs. 51, 74).  Zamora did not directly appeal his sentence.

Zamora's instant submissions, filed nearly five years later, followed.  (Docs. 117, 120, 122).  By way of his discovery motions, Zamora asks that he be supplied with copies of (1) the transcript of his plea hearing; (2) transcript(s) of his attorneys' "words" and "conversations" about the government's plea offer; (3) the warrant for his arrest; (4) the order directing that he be detained prior to trial; and (5) any pretrial detention records relative to the matter of "good time credit" or "statutory good time." *Id.*  Construing these filings liberally, Zamora appears to seek the listed items so that he can prepare a section 2255 motion "to gain equitable justice" and to address a "misapplication of erroneous procedures pursuant to the acceptance of his [p]lea." (Docs. 117, 120, 122).  In addition to this justification, Zamora cites Federal Rule of Civil Procedure 34 in support of at least one of his discovery requests.  (Doc. 122).  In his IFP motion, Zamora asks that the Court consider him indigent for purposes of his discovery motions.  (Doc. 121).

In its response, the government states that it has no objection to the Court furnishing Zamora with his arrest warrant and pretrial detention order, both of which—it notes—can be found on the public docket.  (Doc. 119) (citing Docs. 17, 21). The government likewise does not oppose the production of Zamora's plea hearing transcript, provided that Zamora "follows the Court's procedures for requesting such transcripts and the [government] is not made to bear any associated cost."  *Id.*  Lastly,

2

the government represents that it does not possess any of the remaining materials Zamora seeks, although it does offer that the Bureau of Prisons would be the agency responsible for maintaining his time records regarding his period of incarceration. *Id.*

## II.

It is well settled that "[w]hen a prisoner has not filed a motion to vacate his sentence, . . . the 'prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects.'" *United States v. Warmus*, 151 F. App'x 783, 787 (11th Cir. 2005) (per curiam) (quoting *United States v. Herrera*, 474 F. 2d 1049, 1049 (5th Cir. 1973) and citing *Skinner v. United States*, 434 F. 2d 1036, 1037 (5th Cir. 1970));[2] *see also United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020) (stating that a prisoner may not move "for discovery—of transcripts, indictments, search warrants, or other records—before filing a [section] 2255 motion to vacate") (collecting cases). This is true regardless of whether the prisoner is indigent. *Warmus*, 151 F. App'x at 787.

And even when an inmate has filed a habeas corpus petition, he is authorized to receive free records "only if he . . . satisfactorily establishe[s] the need for specific documents." *United States v. Chavez*, 2011 WL 13290011, at *1 (N.D. Fla. Sept. 19, 2011); *see also* 28 U.S.C. § 753(f) (stating, in pertinent part, that "[f]ees for transcripts furnished in proceedings brought under section 2255 [by an indigent person] shall be paid by the United States . . . if the trial judge . . . certifies that the suit . . . is not

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

frivolous and that the transcript is needed to decide the issue" raised in the suit).  On appeal, a district court's disposition of a post-judgment motion for documents will be upheld absent an abuse of discretion.  *United States v. Adamson*, 681 F. App'x 824, 826 (11th Cir. 2017) (per curiam) (citing *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002); *United States v. Quinn*, 123 F.3d 1415, 1425 (11th Cir. 1997)).

Against this backdrop, Zamora's motions fail.  Zamora does not represent that he has filed a habeas corpus petition attacking his guilty plea or sentence,[2] nor does he demonstrate a particularized need for the records at issue.  The fact that some of these items might be in the custody of the government or his lawyers rather than the Court does not alter this conclusion.  *Warmus*, 151 F. App'x at 787 (upholding the district court's denial of a prisoner's request for materials "from the government and his attorney" because the inmate did "not point to a specific legal filing" that necessitated his receipt of the sought-after documents).  The same can be said of Zamora's reliance on Federal Rule of Civil Procedure 34, which does not seem to apply here given the circumstances presented.  In light of these findings, Zamora's request that the Court deem him indigent for purposes of his discovery motions (Doc. 121) is moot.

III.

Based upon the foregoing, *Defendant[ ] Zamora's Motion[s] for Discovery for Plea Hearing Documents and Other Documents Relevant to [His] Plea* (Docs. 117, 120), his

---

[2] Nothing in this Order shall be construed as addressing the propriety of any future section 2255 motion Zamora might pursue.

*Motion for Obtaining and Possession of Plea Hearing Transcripts* (Doc. 122), and his *Motion to Proceed In Forma Pauperis in Request for Plea Hearing Transcripts* (Doc. 121) are denied.

SO ORDERED in Tampa, Florida on this 6th day of January 2023.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
*Pro se* Defendant